UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUTH QUIMBY,<br>            Plaintiff(s),<br>v.<br>MICHAEL STEVENS, et al.,<br>            Defendant(s). | Case No. 2:19-cv-02181-JCM-NJK<br><br>**Order**<br><br>[Docket No. 42] |

   Pending before the Court is the parties' stipulation to extend the discovery cutoff and subsequent deadlines by 60 days. Docket No. 42.

   A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

   This case's docket is bedazzled by extension requests and warnings to the parties. The Court has granted some of the previous requests despite the failure to establish good cause, while cautioning that "[i]t is time for the parties to diligently conduct discovery and move this case along. No further extension requests will be granted." Docket No. 38 at 3. Most recently, on June 4, 2021, the Court granted an extension request while explaining as follows:

> It is time to finish discovery so that this case can proceed on its merits. The Court will grant the requested extension; however, the parties are cautioned that they must diligently engage in discovery, as **the Court will not extend the discovery deadlines again**.

Docket No. 41 at 2 (emphasis added).

   Despite these explicit warnings, the parties have returned four months later (on the date of the current discovery cutoff) requesting yet another extension because they still have not conducted

1

four depositions: a Rule 30(b)(6) deposition of Pinnacle Heavy Hall and the deposition of three of Plaintiff's treating physicians. Docket No. 42 at 4. The current stipulation does not provide sufficiently meaningful explanation as to why these depositions could not have been completed by the current discovery cutoff through the exercise of diligence. As a threshold matter, the parties have been well aware for many months of the need to complete these depositions. *See* Docket No. 39 at 5 (stipulation filed June 3, 2021); Docket No. 37 at 7 (stipulation filed March 29, 2021); Docket No. 35 at 5 (stipulation filed February 26, 2021); Docket No. 33 at 4 (stipulation filed November 30, 2020); Docket No. 26 at 4 (stipulation filed July 9, 2020); Docket No. 24 at 4 (stipulation dated July 1, 2020). With respect to the Rule 30(b)(6) deposition, no explanation of any kind has been advanced as to why it has not been conducted or why the deposition could not have taken place by the current cutoff. With respect to the treating physician depositions, the stipulation seeks additional time because a dispute has arisen as to hourly rates. *See* Docket No. 42 at 3.[1,2] No timeline has been presented as to when the subpoenas were served for these depositions, the dates on which the depositions had been noticed, when the fee dispute arose, or when the conferral efforts took place. Most importantly, no meaningful explanation has been advanced as to why these depositions could not have taken place (even with the existence of a fee dispute) in the previous four months since the last extension was granted with the warning that it would be the last one.[3]

Accordingly, the stipulation will be **GRANTED** in small part only and will be **DENIED** otherwise. Given the circumstances, the Court will give the parties two weeks to get the four

---

[1] One of the physicians has not responded to the subpoena. Docket No. 42 at 3. Insufficient details have been provided as to that circumstance. To the extent a proper and timely subpoena was served, no explanation has been advanced as to conferral efforts or why motion practice has not been pursued as appropriate.

[2] Without meaningful explanation, the stipulation indicates that Plaintiff continues to seek treatment and updated records are being obtained. Docket No. 42 at 7. The stipulation does not explain why or how that situation establishes the requisite good cause for the extension being sought.

[3] The stipulation also does not identify dates on which the parties now intend to take any of these depositions or why 60 additional days is needed to do so. *Cf. Charm Floral v. Wald Imports, Ltd.*, 2012 U.S. Dist. Lexis 16007, at *6-7 (W.D. Wash. Feb. 9, 2012) (collecting cases that "more than one week's notice generally is considered reasonable" for depositions).

identified depositions completed. The discovery cutoff will be extended for this limited purpose to October 18, 2021. The other deadlines in the scheduling order remain unchanged. **NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

Dated: October 4, 2021

_____
Nancy J. Koppe
United States Magistrate Judge