MICHAEL C. KANE. ESQ.
Nevada Bar No.: 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No.: 8857
ZACHARY W. LIVINGSTON, ESQ.
Nevada Bar No.: 15954
**THE702FIRM INJURY ATTORNEYS**
400 S. 7th Street, 4th Floor
Las Vegas, Nevada 89101
Telephone:     (702) 776-3333
Facsimile:     (702) 505-9787
***Email:***        *service@the702firm.com*
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RUTH QUIMBY, | Case No.:  2:19-cv-02181-JCM-NJK |
| Plaintiff, | |
| vs. | **JOINT PRE-TRIAL ORDER** |
| MICHAEL STEVENS, individually; PINNACLE HEAVY HAUL INC., an Indiana Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

After pretrial proceedings in this case,

**IT IS ORDERED:**

### I.   INTRODUCTION

1.   This is a motor vehicle incident case that occurred on or about November 16, 2017. Plaintiff alleges Defendant MICHAEL STEVENS was driving a vehicle owned by Defendant PINNACLE HEAVY HAUL.  Based upon information and belief, at the time of the car crash, Defendant was acting within the course and scope of his employment. Plaintiff and Defendant were traveling east on SR 17, at the Northbound/Sunset Road off Ramp. Plaintiff was allegedly in the Number one (1) left turn lane. Defendant was allegedly in the Number two (2) left turn lane.

As Defendant attempted to pass Plaintiff, Defendant allegedly failed to maintain his travel lane and struck the left side of Plaintiff's vehicle. Defendant has offered additional affirmative defenses as part of its pleadings in this action, and Defendant reserves the right to rely on the pleadings on file in this action to articulate its contentions in this case.

## II. STATEMENT OF JURISDICTION:

This action was originated by the filing of a Complaint in the District Court, Clark County, Nevada on September 11, 2019. Defendants Answered the Complaint on October 30, 2019 and removed the case from State Court to Federal Court on December 18, 2019, citing diversity between the parties and that this Court has jurisdiction of the matter under 28 U.S.C. § 1332 and 28 U.S.C § 1446(d).

1. The following facts are admitted by the parties and require no proof:  None at this time.

2. The following facts are admitted by the parties and require no proof:  None at this time.

3. The following are issues of fact to be tried and determined at trial:

## PLAINTIFF:

1.     Whether Defendant breached a duty of care owed to Plaintiff.

2.     The nature, extent and value of Plaintiff's accident-related damages.

## DEFENDANT:

1.     Whether Defendant was negligent at the time of the incident which forms the basis of this litigation.

2.     Whether Defendant Michael Stevens was negligent in the operation of his motor vehicle at the time of the incident which forms the basis of this litigation.

3.     Whether such negligence, if any, was a proximate cause of Plaintiff RUTH QUIMBY alleged injuries.

4.     Whether Plaintiff RUTH QUIMBY was comparatively negligent at the time of the incident which forms the basis of this litigation.

5.      Whether the comparative negligence of Plaintiff RUTH QUIMBY, if any, was a proximate cause of Plaintiff RUTH QUIMBY'S alleged injuries and damages.

6.      Whether the comparative negligence of Plaintiff RUTH QUIMBY, if any, is greater than the negligence of the Defendant, if any.

7.      Whether Plaintiff RUTH QUIMBY expressly assumed whatever risk or hazard existed at the time of the alleged incident, if any.

8.      Whether Plaintiff RUTH QUIMBY, by assuming the risk or hazard that existed at the time of the alleged incident, if any, was therefore responsible for the alleged injuries suffered, if any.

9.      Whether Plaintiff RUTH QUIMBY was involved in a prior accident or other form of traumatic event.

10.     Whether any prior accident or other form of traumatic event involving Plaintiff RUTH QUIMBY, if any, caused the injuries of which he complains in this litigation.

11.     Whether the occurrence which is the subject matter of this action was avoidable.

12.     Whether the occurrence which is the subject matter of this action was unavoidable

13.     Whether the occurrence which is the subject matter of this action was caused in whole or in part by the actions of a third party, outside of the control of any party to this litigation.

14.     Whether the occurrence which is the subject matter of this action was caused in whole or in part by the negligence of a third party, outside of the control of any party to this litigation.

15. The percentage of reduction for the amount of damages that is commensurate with the comparative negligence, in any, of Plaintiff RUTH QUIMBY.

16. Whether Plaintiff RUTH QUIMBY suffered injuries to her head, neck, back, spine or upper and/or lower extremities or any parts of her body in which she claims injury resulting from the incident which forms the basis of this litigation.

17. Whether Plaintiff RUTH QUIMBY suffered monetary damages in the form of past medical expenses stemming from injuries resulting from the incident which forms the basis of this litigation.

18. The amount of monetary damages in the form of past medical expenses, if any, Plaintiff RUTH QUIMBY suffered from injuries as a proximate result of this accident.

19. Whether Plaintiff RUTH QUIMBY will continue to suffer monetary damages in the future in the form of medical expenses stemming from injuries resulting from the incident which forms the basis of this litigation.

20. The amount of monetary damages in the form of future medical expenses, if any, Plaintiff RUTH QUIMBY will suffer from injuries as a proximate result of this accident.

21. Whether Plaintiff RUTH QUIMBY suffered monetary damages in the form of past lost wages stemming from injuries resulting from the incident which forms the basis of this litigation.

22. The amount of monetary damages in the form of past lost wages, if any, Plaintiff RUTH QUIMBY suffered from injuries as a proximate result of this accident.

THE702FIRM
ATTORNEYS AT LAW
400 S. 7TH ST. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

23.     Whether Plaintiff RUTH QUIMBY will suffer monetary damages in the form of future lost wages stemming from injuries resulting from the incident which forms the basis of this litigation.

24.     The amount of monetary damages in the form of future lost wages, if any, Plaintiff RUTH QUIMBY will suffer from injuries as a proximate result of this accident.

25.     Whether Plaintiff RUTH QUIMBY suffered monetary damages in the form of past loss of enjoyment of life, if any, Plaintiff RUTH QUIMBY suffered from injuries as a proximate result of this accident.

26.     The amount of monetary damages in the form of past loss of enjoyment of life, if any, Plaintiff RUTH QUIMBY suffered as a result of injuries as a proximate result of this accident.

27.     Whether Plaintiff RUTH QUIMBY will suffer monetary damages in the form of future loss of enjoyment of life, if any, Plaintiff RUTH QUIMBY suffered from injuries to his body as a proximate result of this accident.

28.     The amount of monetary damages in the form of future loss of enjoyment of life, if any, Plaintiff RUTH QUIMBY will suffer as a result of injuries as a proximate result of this accident.

29.     Whether Plaintiff RUTH QUIMBY suffered injuries to her spine resulting from the incident which forms the basis of this litigation.

30.     Whether Plaintiff RUTH QUIMBY suffered monetary damages in the form of past medical expenses stemming from injuries resulting from the incident which forms the basis of this litigation.

31.     The amount of monetary damages in the form of past medical expenses, if any, Plaintiff RUTH QUIMBY suffered from injuries as a proximate result of this accident.

32.     Whether Plaintiff RUTH QUIMBY will continue to suffer monetary damages in the future in the form of medical expenses stemming from injuries resulting from the incident which forms the basis of this litigation.

33.     The amount of monetary damages in the form of future medical expenses, if any, Plaintiff RUTH QUIMBY will suffer from injuries to his spine as a proximate result of this accident.

34.     Whether Plaintiff RUTH QUIMBY suffered monetary damages in the form of past lost wages stemming from injuries to his spine resulting from the incident which forms the basis of this litigation.

35.     The amount of monetary damages in the form of past lost wages, if any, Plaintiff RUTH QUIMBY suffered from injuries to his spine as a proximate result of this accident.

36.     Whether Plaintiff RUTH QUIMBY will suffer monetary damages in the form of future lost wages stemming from injuries to his spine resulting from the incident which forms the basis of this litigation.

37.     The amount of monetary damages in the form of future lost wages, if any, Plaintiff RUTH QUIMBY will suffer from injuries as a proximate result of this accident.

38.     Whether Plaintiff RUTH QUIMBY suffered monetary damages in the form of past loss of enjoyment of life, if any, Plaintiff RUTH QUIMBY suffered from injuries as a proximate result of this accident.

39.   The amount of monetary damages in the form of past loss of enjoyment of life, if any, Plaintiff RUTH QUIMBY suffered as a result of injuries as a proximate result of this accident.

40.   Whether Plaintiff RUTH QUIMBY will suffer monetary damages in the form of future loss of enjoyment of life, if any, Plaintiff suffered from injuries to his spine as a proximate result of this accident.

41.   The amount of monetary damages in the form of future loss of enjoyment of life, if any, Plaintiff RUTH QUIMBY will suffer as a result of injuries as a proximate result of this accident.

42.   Whether Plaintiff RUTH QUIMBY failed to mitigate her damages.

43.   Whether Plaintiff RUTH QUIMBY suffered from any pre-existing injuries and problems at the time of the incident which forms the basis of this litigation.

44.   Whether Plaintiff RUTH QUIMBY's medical costs for treatment derived from unreasonable or unnecessary treatment

45.   Whether Plaintiff RUTH QUIMBY's medical costs for treatment were usual and customary in the Las Vegas community.

46.   Whether Plaintiff RUTH QUIMBY's medical costs for treatment were presented solely to improperly attempt to increase the value of this case.

47.   Whether Plaintiff RUTH QUIMBY's alleged injuries were the result of a superseding intervening cause.

48.   Whether Plaintiff RUTH QUIMBY suffered from any pre-existing injuries and problems at the time of the incident which forms the basis of this litigation.

49.     Whether Plaintiff RUTH QUIMBY's medical costs for treatment derived from unreasonable or unnecessary treatment

50.     Whether Plaintiff RUTH QUIMBY's medical costs for treatment were usual and customary in the Las Vegas community.

51.     Whether Plaintiff RUTH QUIMBY's medical costs for treatment were presented solely to improperly attempt to increase the value of this case.

52.     Whether Defendants were negligent and whether such negligence was a proximate cause of Plaintiff RUTH QUIMBY's alleged injuries and alleged damages.

53.     Whether Plaintiff RUTH QUIMBY was comparatively negligent in causing the subject accident.

54.     Whether the comparative negligence of Plaintiff RUTH QUIMBY, if any, is greater than the negligence of the Defendants, if any.

55.     The percentage of reduction for the amount of damages that is commensurate with the comparative negligence, in any, of Plaintiff RUTH QUIMBY.

56.     The percentage of reduction for the amount of damages that is commensurate with the comparative negligence, in any, of Plaintiff RUTH QUIMBY.

57.     The percentage of reduction for the amount of damages that is commensurate with the comparative negligence, in any, of Plaintiff RUTH QUIMBY.

58.     The extent and value of Plaintiff's damages (including past and future pain and suffering) related to the incident, if any, and as permitted by Court orders regarding admissibility.

**III.    THE FOLLOWING ARE ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL:**

1.      Duty

2.      Breach

3.      Causation

4.      Damages

5.      The issues of law raised in the parties' anticipated Motions in Limine.

6.      The issues of law raised by the parties at trial.

7.      Whether Defendant was negligent at the time of the incident which forms the basis of this litigation.

8.      Whether such negligence, if any, was a proximate cause of Plaintiff's alleged injuries and alleged damages.

9.      Whether Plaintiff failed to operate her vehicle in a safe and reasonable manner at the time of the subject incident.

10.    Whether the subject collision proximately caused injuries to Plaintiff.

11.    Whether Plaintiff was comparatively negligent at the time of the incident which forms the basis of this litigation.

12.    Whether the comparative negligence of Plaintiff, if any, was a proximate cause of Plaintiff's alleged injuries and alleged damages.

13.    Whether the comparative negligence of Plaintiff, if any, is greater than the negligence of the Defendant, if any.

14.    Whether any risks and dangers involved in the factual situation set forth in the Complaint, if any, were open and obvious to Plaintiff.

15.    Whether Plaintiff was involved in a prior accident or other form of traumatic event.

16.    Whether any prior accident or other form of traumatic event involving Plaintiff, if any, caused the injuries of which he complains in this litigation.

17.    Whether the occurrence which is the subject matter of this action was avoidable.

18.    Whether the occurrence which is the subject matter of this action was unavoidable.

19. Whether the occurrence which is the subject matter of this action was caused in whole or in part by the actions of a third party, outside of the control of any party to this litigation.

20. Whether the occurrence which is the subject matter of this action was caused in whole or in part by the negligence of a third party, outside of the control of any party to this litigation.

21. The percentage of reduction for the amount of damages that is commensurate with the comparative negligence, in any, of Plaintiff.

22. Whether Plaintiff suffered injuries resulting from the incident which forms the basis of this litigation.

23. Whether Plaintiff suffered monetary damages in the form of past medical expenses stemming from alleged injuries resulting from the incident which forms the basis of this litigation.

24. The amount of monetary damages in the form of past medical expenses, if any, Plaintiff suffered from alleged injuries as a proximate result of this accident.

25. Whether Plaintiff will continue to suffer monetary damages in the future in the form of medical expenses stemming from alleged injuries resulting from the incident which forms the basis of this litigation.

26. The amount of monetary damages in the form of future medical expenses, if any, Plaintiff will suffer from alleged injuries as a proximate result of this accident.

27. Whether Plaintiff suffered monetary damages in the form of past lost wages stemming from injuries resulting from the incident which forms the basis of this litigation.

28.     The amount of monetary damages in the form of past lost wages, if any, Plaintiff suffered from injuries as a proximate result of this accident.

29.     Whether Plaintiff will suffer monetary damages in the form of future lost wages stemming from injuries resulting from the incident which forms the basis of this litigation.

30.     The amount of monetary damages in the form of future lost wages, if any, Plaintiff will suffer from injuries as a proximate result of this accident.

31.     Whether Plaintiff suffered monetary damages in the form of past loss of enjoyment of life, if any, Plaintiff suffered from injuries as a proximate result of this accident.

32.     The amount of monetary damages in the form of past loss of enjoyment of life, if any, Plaintiff suffered as a result of injuries as a proximate result of this accident.

33.     Whether Plaintiff will suffer monetary damages in the form of future loss of enjoyment of life, if any, Plaintiff suffered from injuries as a proximate result of this accident.

34.     The amount of monetary damages in the form of future loss of enjoyment of life, if any, Plaintiff will suffer as a result of injuries as a proximate result of this accident.

35.     Whether Plaintiff suffered injuries to her body, including, but not limited to her, spine resulting from the incident which forms the basis of this litigation.

36.     Whether Plaintiff suffered monetary damages in the form of past medical expenses stemming from alleged injuries resulting from the incident which forms the basis of this litigation.

THE702FIRM
ATTORNEYS AT LAW
400 S. 7TH ST. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

37.     The amount of monetary damages in the form of past medical expenses, if any, Plaintiff suffered from alleged injuries as a proximate result of this accident.

38.     Whether Plaintiff will continue to suffer monetary damages in the future in the form of medical expenses stemming from injuries allegedly resulting from the incident which forms the basis of this litigation.

39.     The amount of monetary damages in the form of future medical expenses, if any, Plaintiff will suffer from injuries as a proximate result of this accident.

40.     Whether Plaintiff suffered monetary damages in the form of past lost wages stemming from injuries to his spine resulting from the incident which forms the basis of this litigation.

41.     The amount of monetary damages in the form of past lost wages, if any, Plaintiff suffered from injuries allegedly as a proximate result of this accident.

42.     Whether Plaintiff will suffer monetary damages in the form of future lost wages stemming from injuries allegedly resulting from the incident which forms the basis of this litigation.

43.     The amount of monetary damages in the form of future lost wages, if any, Plaintiff will suffer from injuries allegedly as a proximate result of this accident.

44.     Whether Plaintiff suffered monetary damages in the form of past loss of enjoyment of life, if any, Plaintiff suffered from injuries allegedly as a proximate result of this accident.

45.     The amount of monetary damages in the form of past loss of enjoyment of life, if any, Plaintiff suffered as a result of injuries allegedly as a proximate result of this accident.

46.   Whether Plaintiff will suffer monetary damages in the form of future loss of enjoyment of life, if any, Plaintiff suffered from injuries as a proximate result of this accident.

47.   The amount of monetary damages in the form of future loss of enjoyment of life, if any, Plaintiff will suffer as a result of injuries allegedly as a proximate result of this accident.

48.   Whether Plaintiff failed to mitigate her damages.

49.   Whether Plaintiff suffered from any pre-existing injuries and problems in her body at the time of the incident which forms the basis of this litigation.

50.   Whether Plaintiff's medical costs for treatment derived from unreasonable or unnecessary treatment.

51.   Whether Plaintiff's medical costs for treatment were usual and customary in the Las Vegas community.

52.   Whether Plaintiff's medical costs for treatment were presented solely to improperly attempt to increase the value of this case.

53.   Whether Plaintiff's alleged injuries were the result of a superseding intervening cause.

54.   Whether Plaintiff suffered from any pre-existing injuries and problems at the time of the incident which forms the basis of this litigation.

55.   Such evidentiary and procedural issues which may arise during the trial of this action.

56.   Any remaining issues which may be brought before the Court after rulings on Motions in Limine.

/ / /

/ / /

/ / /

## IV.    EXHIBITS

      (a)    The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

          NONE.

      (b)    As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

The following exhibits, though not agreed as admissible evidence in this case, are subject   to   be used by the parties.  The parties will work to refine a list of exhibits.

**The Parties intend to offer into evidence in this case the following exhibits:**

**No.:**    **Plaintiff's Exhibits:**

| Exhibit | Description | Defendants' Objections |
|---|---|---|
| 1. | Community Ambulance medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 2. | Interventional Pain & Spine Institute medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are |

THE702FIRM
ATTORNEYS AT LAW
400 S. 7ᵗʰ ST. #400
LAS VEGAS, NEVADA  89101
PHONE: (702) 776-3333

| | | |
|---|---|---|
| | | excluded by any motion in limine. |
| 3. | Radiology Specialists FILMS, medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 4. | Fremont Emergency Services billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 5. | Las Vegas Radiology FILMS, medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 6. | Machuca Medicine and Machuca Medicine Dispensary medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative |

THE702FIRM
ATTORNEYS AT LAW
400 S. 7ᵗʰ St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

| | | | |
|---|---|---|---|
| | | | of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 7. | | Sunrise Hospital medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 8. | | Interventional Pain & Spine Institute Surgical Recommendation letter. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 9. | | A&M Chiropractic Wellness Center records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants |

THE702FIRM
ATTORNEYS at Law
400 S. 7ᵗʰ St. #400
LAS VEGAS, NEVADA  89101
PHONE: (702) 776-3333

| | | | further object to the extent that this/these documents are excluded by any motion in limine. |
|---|---|---|---|
| 10. | | Spectra Clinical Labs medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 11. | | New Century Rehabilitation (ATI Physical Therapy) medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 12. | | Quest Diagnostics medical and billing records. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 13. | | Concentra Medical Center records and billing statements. | inadmissible, lack foundation, is/are not genuine or authentic; |

THE702FIRM
ATTORNEYS AT LAW
400 S. 7TH ST. #400
LAS VEGAS, NEVADA  89101
PHONE: (702) 776-3333

| | | | |
|---|---|---|---|
| | | | constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 14. | | SimonMed Imaging FILMS, medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 15. | | Nevada Orthopedic and Spine Center medical records and billing. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 16. | | Joseph Schifini, M.D. medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of |

THE702FIRM
ATTORNEYS AT LAW
400 S. 7TH St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

| | | Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
|---|---|---|
| 17. | RVA Rehabilitation and Vocational Associates medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 18. | Steinberg Diagnostic medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 19. | Medical Rehabilitation Associates medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |

THE702FIRM
ATTORNEYS AT LAW
400 S. 7TH St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

| 20. | Nevada Health Center medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 21 | Las Vegas Neuroscience and Pain Medicine (Mouchir Harb, M.D.) medical and billing records. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 22. | First Person Care Clinics medical and billing records. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 23. | Desert Radiology FILMS, medical and billing records. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible |

| | | | |
|---|---|---|---|
| | | | for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 24. | | Henderson Hospital medical and billing records. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 25. | | Firooz Mashhood, M.D. medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 26. | | Steinberg Diagnostic Medical Imaging FILMS, medical and billing records. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are |

| | | |
|---|---|---|
| | | excluded by any motion in limine. |
| 27. | Machuca Family medical and billing records. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 28. | Kelly Hawkins Physical Therapy medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 29. | UMC medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 30. | IME Recording of Dr. Kaplan. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative |

| | | | |
|---|---|---|---|
| | | | of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 31. | | PMSI Pharmacy medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 32. | | Computation of Damages Chart. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 33. | | NHP Dash Cam Footage. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, Nevada case, including but not limited to *Frias v. Valle*, 101 Nev. 219 |

THE702FIRM
ATTORNEYS AT LAW
400 S. 7TH ST. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

| | | | |
|---|---|---|---|
| | | | (1985) or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 34. | NHP Photos. | | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 35. | One (1) Colored Photograph of Plaintiff's Vehicle. | | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 36. | Traffic Accident Report. | | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, Nevada case, including but not limited to *Frias v. Valle*, 101 Nev. 219 (1985) or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |

| 37. | Eleven (11) Color Photos of both Plaintiff and Defendant's vehicles at the scene of the incident. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| --- | --- | --- |
| 38. | Thirty-One (31) Color Photos taken by NHP from the scene of the incident. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |

**No.:   Defendant's Exhibits:**

| Exhibit | Description | Plaintiff's Objection |
| --- | --- | --- |
| 1. | Pinnacle Heavy Haul Bill of Lading dated November 14, 2017 | |
| 2. | Three (3) color photographs of accident scene | |
| 3. | Driver's Accident Report | |
| 4. | Thirty-two (32) JPG photos from the Nevada Highway Patrol and edited dash cam footage | |
| 5. | Plaintiff Ruth Quimby's Community Ambulance medical and billing records | |
| 6. | Fremont Emergency Services medical and billing records | |
| 7. | Plaintiff Ruth Quimby's Interventional Pain and Spine Institute medical and billing records | |
| 8. | Plaintiff Ruth Quimby's Las Vegas Radiology + films- 01/15/18 MRI Lumbar | |
| 9. | Plaintiff Ruth Quimby's Machuca Family Medicine medical and billing records | |

THE702FIRM
ATTORNEYS AT LAW
400 S. 7ᵗʰ ST. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

| 10. | Plaintiff Ruth Quimby's Radiology Specialists | |
| 11. | Plaintiff Ruth Quimby's Sunrise Hospital | |
| 12. | Vehicle Registration for 2013 Freightliner tractor | |
| 13. | Certificate of Vehicle Title for Defendant's 2013 Freightliner tractor | |
| 14. | Vehicle Lease Agreement related to 2013 Freightliner tractor/trailer | |
| 15. | Michael Stevens' Employment File | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, |
| 16. | Plaintiff Ruth Quimby's Las Vegas Surgery Center | |
| 17. | Plaintiff Ruth Quimby's Steinberg Diagnostic Medical Imaging | |
| 18. | Plaintiff Ruth Quimby's A&M Chiropractic | |
| 19. | Plaintiff Ruth Quimby's medical records, bills and/or films from Las Vegas Radiology | |
| 20. | Plaintiff Ruth Quimby's medical records, bills and/or films from Steinberg Diagnostic Medical Imaging | |
| 21. | Plaintiff Ruth Quimby's medical records, bills and/or films from Quest Diagnostics | |
| 22. | Plaintiff Ruth Quimby's medical records, bills and/or films from New Century Rehabilitation | |
| 23. | Plaintiff Ruth Quimby's medical records, bills and/or films from Spectra Clinical Labs | |
| 24. | Plaintiff Ruth Quimby's medical records, bills and/or films from Nevada Orthopedic and Spine Center + films | |
| 25. | Plaintiff Ruth Quimby's medical records, bills and/or films from Las Vegas Neuroscience and Pain Management | |
| 26. | Plaintiff Ruth Quimby's medical bills received from Sunrise Hospital | |
| 27. | Plaintiff Ruth Quimby's medical bills received from Las Vegas Neuroscience and Pain Management | |
| 28. | Plaintiff Ruth Quimby's medical records received from PMSI Pharmacy | |
| 29. | Plaintiff Ruth Quimby's Employment Records received from the United States Postal Service [personnel file] | |
| 30. | Plaintiff Ruth Quimby's Employment Records received from the United States Postal Service [worker's compensation file] | |
| 31. | Plaintiff Ruth Quimby's Medical and Billing | |

| | | | |
|---|---|---|---|
| | | Records received from Rehabilitation & Vocational Associates | |
| | 32. | Certificate of Custodian of Records for Plaintiff's Ruth Quimby's billing and medical records received from Quest Diagnostics | |
| | 33. | Plaintiff Ruth Quimby's Medical and Billing Records received from Concentra Health | |
| | 34. | Plaintiff Ruth Quimby's Films received from Sunrise Hospital | |
| | 35. | Plaintiff Ruth Quimby's Films received from SimonMed Imaging | |
| | 36. | Plaintiff Ruth Quimby's Medical and Billing Records received from Firooz Mashhood, M.D. | |
| | 37. | Plaintiff Ruth Quimby's Medical and Billing Records received from Henderson Hospital + films | |
| | 38. | Certificate of Custodian of Records of Plaintiff Ruth Quimby for SimonMed Imaging | |
| | 39. | Summons and Complaint | |
| | 40. | Plaintiff Ruth Quimby's Responses to Defendant's First Set of Interrogatories, dated October 2, 2020 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | Inadmissible to the extent superseded by supplemental answers. |
| | 41. | Plaintiff Ruth Quimby's Responses to Defendant's First Set of Request for Production of Documents, dated October 2, 2020 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 42. | Plaintiff Ruth Quimby's Supplemental Responses to Defendant's First Set of Request for Production of Documents, dated October 2, 2020 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | Inadmissible to the extent superseded by supplemental responses. |
| | 43. | Plaintiff Ruth Quimby's Responses to Defendant's Second Set of Interrogatories, dated May 6, 2021 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 44. | Plaintiff Ruth Quimby's Errata to her Responses to Defendant's First Set of Interrogatories, dated May 6, 2021 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 45. | Defendant Pinnacle Heavy Haul, Inc. dba Pinnacle Transport Group's Responses to Plaintiff's First Set of Requests for Admissions, dated September | |

| | | |
|---|---|---|
| | 18, 2020 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| 46. | Defendant Pinnacle Heavy Haul, Inc. dba Pinnacle Transport Group's Responses to Plaintiff's First Set of Interrogatories, dated September 18, 2020 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| 47. | Defendant Pinnacle Heavy Haul, Inc. dba Pinnacle Transport Group's Responses to Plaintiff's First Set of Request for Production of Documents, dated September 18, 2020 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| 48. | Curriculum Vitae of Whitney G. Morgan (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay. |
| 49. | Initial Expert Report of Whitney G. Morgan, dated May 28, 2021 | Constitutes inadmissible hearsay. |
| 50. | Supplemental Expert Report of Whitney G. Morgan, dated August 10, 2021 | Constitutes inadmissible hearsay. |
| 51. | Initial Expert Report of Dror Kopernik, dated August 2, 2021 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | Constitutes inadmissible hearsay. |
| 52. | Curriculum Vitae of Dror Kopernik (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay. |
| 53. | Initial Expert Report of Dror Kopernik, dated August 2, 2021 (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | Constitutes inadmissible hearsay. |
| 54. | Curriculum Vitae of Stuart S. Kaplan, M.D., FAANS (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay. |
| 55. | Independent Medical Examination Report of Stuart S. Kaplan, dated July 6, 2021(to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | Constitutes inadmissible hearsay. |
| 56. | Supplemental Report of Stuart S. Kaplan, M.D., FAANS, dated August 2, 2021(to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | Constitutes inadmissible hearsay. |
| | Supplemental Report of Stuart S. Kaplan, M.D., | Constitutes inadmissible |

| | | FAANS, dated September 14, 2021(to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | hearsay. |
|---|---|---|---|
| | | Supplemental Report of Stuart S. Kaplan, M.D., FAANS, dated December 7, 2021(to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | Constitutes inadmissible hearsay. |
| | 57. | Curriculum Vitae, Fee Schedule and Testimony History of Saman Hazany, M.D. (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay. |
| | 58. | Expert Report of Saman Hazany, M.D. dated April 26, 2022(to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | Constitutes inadmissible hearsay. |
| | 59. | Deposition transcript of Michael Stevens with exhibits (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 60. | Deposition transcript of Firooz Mashhood, M.D. with exhibits (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 61. | Deposition transcript of Ruth Quimby (volumes 1 and 2) with exhibits (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 62. | Deposition transcript of Maria Giacalone, D.C. with exhibits (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 63. | Deposition transcript of Mouchir Harb, M.D. with exhibits (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 64. | Deposition transcript of Thomas L. Vater, D.O., with exhibits (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |
| | 65. | Deposition transcript of Trooper Justin Branske with exhibits (to the extent deemed admissible by the Court, or for purposes of reference without the intent to admit the document) | |

Defendant reserves the right to use any discovery responses and/or deposition testimony and/or deposition exhibits for impeachment and/or substantively as party admissions, as may be

relevant at trial. Defendant reserves the right to use demonstrative evidence. Defendant also reserves the right to use any exhibit listed or introduced by Plaintiff, or as previously produced by the parties.

The parties reserve any all evidentiary objections for trial. The parties reserve the right to object to the admissibility of trial exhibits on the basis of foundation, authenticity, hearsay, and relevance. The parties further reserve the right to object to any exhibit being offered by each side which has not been previously produced during the normal course of discovery proceedings, or pursuant to stipulation and agreement of the parties. The parties also reserve any and all evidentiary objections for trial.

**Electronic evidence:** The parties intend to offer and present evidence in electronic format to jurors for purposes of jury deliberations pursuant to Local Rule 16-3(b)(9) and will contact the court administrator for instructions on how to prepare evidence in electronic format and for any other requirements set by the court.

**Depositions:** Defendant does not intend at this time to offer page and line designations for any deposition transcripts. In the event Defendant learns that a witness is unavailable to testify at trial, Defendant will notify all parties and the Court of page and line designations of the unavailable witness's deposition transcript to offer at trial. Defendant reserves the right to use all depositions which have been conducted in this action to refresh recollection and/or to impeach a witness, and otherwise use at trial in accordance with the applicable rules, *i.e.*, Fed. R. Civ. P. 32; Fed. R. Evid. 801(d).

**The following witnesses may be called by the parties at trial:**

**No.:**   **Plaintiff's Witnesses:**

**FACT & PERCIPIENT WITNESSES:**

    1.    Ruth Quimby
            c/o THE702FIRM INJURY ATTORNEYS

| | |
|---|---|
| 1 | 400 South 7th Street, 4th Floor |
| | Las Vegas, Nevada 89101 |
| 2 | (702) 776-3333 |
| 3 | |
| | 2.    Michael Stevens |
| 4 | c/o HALL JAFFE & CLAYTON, LLP |
| | 7425 Peak Drive |
| 5 | Las Vegas, NV 89128 |
| | (702) 316-4111 |
| 6 | |
| 7 | 3.    30(b)(6) Person(s) Most Knowledgeable and/or |
| | Fed. R. Civ. P.  30(b)(6) for |
| 8 | Pinnacle Heavy Haul, Inc., dba |
| | Pinnacle Transport Group |
| 9 | Pinnacle Transportation Systems, Inc. |
| | c/o HALL JAFFE & CLAYTON, LLP |
| 10 | 7425 Peak Drive |
| | Las Vegas, NV 89128 |
| 11 | (702) 316-4111 |
| 12 | |
| 13 | 4.    Officer Branske |
| | Badge No. H6701 |
| 14 | Nevada Highway Patrol |
| | 4615 W. Sunset Road |
| 15 | Las Vegas, NV 89118 |

**PLAINTIFF'S   MEDICAL   PROVIDERS   –   Fed.   R.   Civ.   P.     30(B)(6) REPRESENTATIVES AND/OR DESIGNEES**

| | |
|---|---|
| 18 | 1.    Arron V. Lovinger, MD |
| | Treating Physicians and/or |
| 19 | Treating Nurses and/or |
| | Fed. R. Civ. P.  30(b)(6) Representative and/or |
| 20 | Custodian of Records |
| | Fremont Emergency Services |
| 21 | 2951 Marina Bay, Suite 130-132 |
| 22 | |
| | 2.    Sunil Gujrathi, MD |
| 23 | Richard Schwartz, MD |
| | Joshua Owen, MD |
| 24 | Treating Physicians and/or |
| | Treating Nurses and/or |
| 25 | Fed. R. Civ. P.  30(b)(6) Representative and/or |
| | Custodian of Records |
| 26 | Radiology Specialists, Ltd. |
| | 703 20th Street |
| 27 | Columbus, GA 31902 |
| 28 | |
| | 3.    Alberto Achaval, D.C. |

Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
A&M Chiropractic Health Wellness Center
830 E. Charleston Blvd.
Las Vegas, NV 89104

4.   Rogelio Machuca, MD
Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
Machuca Family Medicine
1501 S. Eastern Avenue
Las Vegas, NV 89104

5.   Thomas Morgan, EMT
Robert Norton, Paramedic
Jon Flynn AEMT
Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
Community Ambulance
PO Box 98821
Las Vegas, NV 89193

6.   Rogelio Machuca, MD
Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
Machuca Family Dispensary
1501 S. Eastern Avenue
Las Vegas, NV 89104

7.   Bhuvana P. Kittusamy, MD
Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
Las Vegas Radiology
401 N. Buffalo Drive, Suite 100
Las Vegas, NV 89145

8.   Aaron Lovinger, MD
Peggy L. Beller, MD
Treating Physicians and/or

```
1                    Treating Nurses and/or
                     Fed. R. Civ. P.  30(b)(6) Representative and/or
2                    Custodian of Records
                     Sunrise Hospital & Medical Center
3                    3186 S. Maryland Parkway
                     Las Vegas, NV 89109
4
5          9.        Jorg Rosler, MD
                     Treating Physicians and/or
6                    Treating Nurses and/or
                     Fed. R. Civ. P.  30(b)(6) Representative and/or
7                    Custodian of Records
                     Interventional Pain & Spine Institute
8                    851 S. Rampart Blvd., Suite 100
                     Las Vegas, NV 89145
9
10         10.       Melanie Gough, PT, and/or,
                     Barbar Rosso, PT, and/or,
11                   Doug Frasniewski, PT and/or,
                     Kasi Snook, PT and/or,
12                   Treating Physicians and/or
                     Treating Nurses and/or
13                   Fed. R. Civ. P.  30(b)(6) Representative and/or
                     Custodian of Records
14                   New Century Rehabilitation
                     (ATI Physical Therapy)
15                   7301 Peak Dr, Ste. 150
                     Las Vegas, NV 89128
16
17         11.       Fed. R. Civ. P.  30(b)(6) Representative and/or
                     Treating Physicians and/or
18                   Treating Nurses and/or
                     Custodian of Records
19                   PMSI Pharmacy
                     P.O. Box 850001, Dept. 0570
20                   Orlando, FL 32885
21
22         12.       Firooz Mashhood, M.D. and/or
                     Treating Physicians and/or
23                   Treating Nurses and/or
                     Fed. R. Civ. P.  30(b)(6) Representative and/or
24                   Custodian of Records
                     Medical Rehabilitation Associates
25                   734 E. Sahara Ave.
                     Las Vegas, NV 89104
26
27         13.       Fed. R. Civ. P.  30(b)(6) for
                     Professional Institute of Technology Inc
28                   Treating Physicians and/or
```

Treating Nurses and/or
Representative and/or
Custodian of Records
2625 S. Rainbow Blvd
Las Vegas, NV 89104

14.     Kenneth Fortgang, M.D. and/or
Matthew Reardon, M.D and/or
Greg J. Coleman, PT and/or
Michael P. Foster, PT and/or
Jason Rusk, M.D. and/or
Steven Xiao, M.D. and/or
Raymund Dela, M.D. and/or
John Britton, PT, and/or
Robert Lewis, PT and/or
Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
Concentra Medical Center
149 N. Gibson Road
Henderson, NV 89014

15.     David Mirich, M.D. and/or
Henry Chang, M.D. and/or
Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
Steinberg Diagnostic Medical Imaging
P.O. Box 36900
Las Vegas, NV 89133

16.     Eric Davis, M.S., CRC, and/or
Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
RVA-Rehabilitation & Vocational Associates
6550 S. Pecos Rd. Ste B-114
Las Vegas, NV 89120

17.     George Greaney, MD
Treating Physicians and/or
Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records
Las Vegas Surgery Center
870 S. Rancho

1    Las Vegas, NV 89106

2    18.    Joseph J. Schifini, MD
            Treating Physicians and/or
3           Treating Nurses and/or
4           Fed. R. Civ. P. 30(b)(6) Representative and/or
            Custodian of Records
5           600 S. Tonopah Dr., Suite 240
            Las Vegas, NV 89106
6

7    19.    Muhammad Ali Hyder, M.D. and/or
            Treating Physicians and/or
8           Treating Nurses and/or
            Fed. R. Civ. P. 30(b)(6) Representative and/or
9           Custodian of Records
            First Person Care Clinics
10          1200 S. 4th Street, Suite 111
            Las Vegas, NV 89104
11

12   20.    Fed. R. Civ. P. 30(b)(6) Representative and/or
            Treating Physicians and/or
13          Treating Nurses and/or
14          Custodian of Records for
            QTC Medical Group
15          1818 N. Orange Grove, Suite 101
            Pomona, CA 91767
16

17   21.    Thomas Vater, DO, and/or
            Treating Physicians and/or
18          Treating Nurses and/or
            Fed. R. Civ. P. 30(b)(6) Representative and/or
19          Custodian of Records
            Nevada Orthopedic & Spine Center
20          7455 W. Washington Ave. Ste. 160
            Las Vegas, NV 89128
21

22   22.    Fed. R. Civ. P. 30(b)(6) Representative and/or
            Treating Physicians and/or
23          Treating Nurses and/or
            Custodian of Records
24          Oasis Counseling Neuropsychology/LCSW
            7361 Prairie Falcon Rd. Ste. D
25          Las Vegas, NV 89128
26

27   23.    Elizabeth Iole, M.D. and/or
            Treating Physicians and/or
            Treating Nurses and/or
28          Fed. R. Civ. P. 30(b)(6) Representative and/or
            Custodian of Records

1

Quest Diagnostics
4230 Burnham Ave. #144

2

Las Vegas, NV 89119

3

24.     Fed. R. Civ. P.  30(b)(6) Representative and/or

4

Treating Physicians and/or
Treating Nurses and/or

5

Custodian of Records
UNLV Medicine

6

1707 W. Charleston Blvd. Suite 110

7

Las Vegas, NV 891002

8

25.     Mouchir S. Harb M.D. and/or
Treating Physicians and/or

9

Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or

10

Custodian of Records
Las Vegas Neuroscience and Pain Institute

11

6276 S. Rainbow Blvd. Ste. 100

12

Las Vegas, NV 89118

13

26.     David K. Lieu, M.D and/or
Youssef Korkar, CLS and/or,

14

Jesse A. Abrajano, M.S., CLS and/or

15

Treating Physicians and/or
Treating Nurses and/or

16

Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records

17

Spectra Clinical Labs
8337 Telegraph Rd. #4

18

Pico Rivera, CA 90660

19

27.     Robert R. Cartwright, M.D. and/or

20

William Orrison, Jr. M.D. and/or
Treating Physicians and/or

21

Treating Nurses and/or
Fed. R. Civ. P.  30(b)(6) Representative and/or

22

Custodian of Records

23

SimonMed Imaging
P.O. Box 207465

24

Dallas, TX 75320-7466

25

28.     Parisa Amleshi, M.D. and/or

26

Treating Physicians and/or
Treating Nurses and/or

27

Fed. R. Civ. P.  30(b)(6) Representative and/or
Custodian of Records

28

Nevada Health Centers, Inc.
3325 Research Way

1    Carson City, NV 89706

2    29.    Stepanida Freeman, M.D. and/or
3    Treating Physicians and/or
    Treating Nurses and/or
4    Fed. R. Civ. P.  30(b)(6) Representative and/or
5    Custodian of Records
    Henderson Hospital
6    1050 W. Galleria Dr.
    Henderson, NV 89011

7    30.    Marko Marbella, M.D. and/or
    Van Nguyen, M.D. and/or
8    Tamra Baldauf, M.D. and/or
    Hubert Chin, M.D. and/or
9    Treating Physicians and/or
    Treating Nurses and/or
10    Fed. R. Civ. P.  30(b)(6) Representative and/or
11    Custodian of Records
    Desert Radiology
12    2020 Palomino Lane, Ste 100
    Las Vegas, NV 89106

13

14    31.    Soterita Aispuro, M.D. and/or
    Treating Physicians and/or
15    Treating Nurses and/or
    Fed. R. Civ. P.  30(b)(6) Representative and/or
16    Custodian of Records
    University Medical Center
17    1800 W. Charleston Blvd
    Las Vegas, NV 89102
18

19    32.    Fed. R. Civ. P.  30(b)(6) Representative and/or
    Treating Physicians and/or
20    Treating Nurses and/or
    Custodian of Records
21    Kelly Hawkins & Associates
    3831 W. Charleston Blvd
22    Las Vegas, NV 89102

23

24    33.    Treating Physicians and/or
    Treating Nurses and/or
    Fed. R. Civ. P.  30(b)(6) Representative and/or
25    Custodian of Records
    Firooz Mashhood, M.D.
26    5440 W Sahara Ave, Ste 104
    Las Vegas, NV 89146
27

28

| | |
|---|---|
| No.: | **Defendant's Witnesses:** |

1.      Pinnacle Transport Group
          A) FRCP 30(b)(6) Witness(es) to be determined
          B) Mark Herman, Director of Safety & Compliance
      2206 Toledo Road
      Elkhart, Indiana 46516

2.      Michael L. Stevens
      880 Salem Drive
      Toms River, New Jersey 08753

3.      Ruth Quimby
      c/o Michael C. Kane, Esq.
      Bradley J. Myers, Esq.
      Richard A. Englemann, Esq.
      THE702FIRM
      400 South Seventh Street, Suite 400
      Las Vegas, Nevada 89101

4.      Nevada Highway Patrol
          A) FRCP 30(b)(6)Witness(es) and/or Custodian of Records
          B) Trooper Branske, P# H6701
      4615 West Sunset Road
      Las Vegas, Nevada 89118

5.      Physicians, Nurses, Technicians, Healthcare Providers and/or
      FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Jeff Nicholls
      John Flynn
      Community Ambulance
      91 Corporate Park Drive, Suite 120
      Henderson, Nevada 89074

6.      Physicians, Nurses, Technicians, Healthcare Providers and/or
      FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Laiken Dupes
      Fremont Emergency Services Mandavia, Ltd.
      3429 Regal Drive
      Alcoa, Tennessee 37701

7.      Physicians, Nurses, Technicians, Healthcare Providers and/or
      FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Amanda Davis
      Jorg Rosler, M.D.
      Interventional Pain and Spine Institute
      851 South Rampart Boulevard, Suite 100
      Las Vegas, Nevada 89145

8.      Physicians, Nurses, Technicians, Healthcare Providers and/or
      FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Mario Gonzalez

1

Bhuvana Kittusamy, M.D.
Las Vegas Radiology

2

401 North Buffalo Drive, Suite 100
Las Vegas, Nevada 89145

3

4

9.    Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Martha Felix

5

Rogelio Machuca, M.D.
Maria Machuca, APRN

6

Machuca Family Medicine

7

1501 South Eastern Avenue
Las Vegas, Nevada 89104

8

9

10.   Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Andrea Araneta

10

Radiology Specialists, Ltd.
703 20th Street

11

Columbus, Georgia 31902

12

11.   Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Frances Oliveri

13

Aaron Lovinger, M.D.

14

Joshua Owen, M.D.
Richard Schwartz, M.D

15

Sunrise Hospital
3186 South Maryland Parkway

16

Las Vegas, Nevada 89109

17

12.   Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Laurie Gove

18

Joseph Schifini, M.D

19

Las Vegas Surgery Center
870 South Rancho Drive

20

Las Vegas, Nevada 89106

21

13.   Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Ana Santamaria

22

David Mirich, M.D

23

Henry Chang, M.D.
Steinberg Diagnostic Medical Imaging

24

2950 South Maryland Parkway
Las Vegas, Nevada 89109

25

26

14.   Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Maria Santamaria

27

Alberto Achaval, D.C.
Maria Giacalone, D.C.

28

A&M Chiropractic
228 South Jones Boulevard

1            Las Vegas, Nevada 89107

2    15.     Physicians, Nurses, Technicians, Healthcare Providers and/or
3           FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Clarence Kerr
          Quest Diagnostics
4           4230 Burnham Avenue
          Las Vegas, Nevada 89119
5

6    16.     Physicians, Nurses, Technicians, Healthcare Providers and/or
          FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Anna Vardaman
7           Doug Krasniewski, PT
          Melanie Gough, PT
8           Kasi Snook, PT
          Barbara Rosso, PTA
9           New Century Rehabilitation, an ATI Company
          1505 Wigwam Parkway, Suite 240
10          Henderson, Nevada 89074

11
   17.     Physicians, Nurses, Technicians, Healthcare Providers and/or
12          FRCP 30(b)(6)Witness(es) and/or Custodian of Records, "Erin"
          Spectra Clinical Labs
13          20655 South Western Avenue, Suite 105
          Torrance, California 90501
14

15    18.     Physicians, Nurses, Technicians, Healthcare Providers and/or
          FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Janine Schwartz
16          Thomas Vater, D.O.
          Vladimir Sinkov, M.D.
17          Nevada Orthopedic & Spine Center
          7455 West Washington Avenue, Suite 160
18          Las Vegas, Nevada 89128

19
   19.     Physicians, Nurses, Technicians, Healthcare Providers and/or
20          FRCP 30(b)(6)Witness(es) and/or Custodian of Records
          Mouchir Harb, M.D.
21          Las Vegas Neuroscience and Pain Medicine
          6276 South Rainbow Boulevard, Suite 100
22          Las Vegas, Nevada 89118

23
   20.     Physicians, Nurses, Technicians, Healthcare Providers and/or
24          FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Jasmin Alicea
          PMSI Pharmacy
25          4502 East Woodland Corp Boulevard, Suite 105
          Tampa, Florida 33614
26

27    21.     Physicians, Nurses, Technicians, Healthcare Providers and/or
          FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Jasmin Alicea
28          United States Postal Service
          Law Department - Western Area

1745 Stout Street, Suite 500
Denver, Colorado 80299-5555

22. Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Gerald Davis
Gerald Y. Davis, M. Ed., CRC
Eric Davis, M.S., CRC
Rehabilitation & Vocational Associates
6550 South Pecos Road, Suite B-114
Las Vegas, Nevada 89120

23. Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Roxie Franklin
Matthew Reardon, M.D.
Tony Chin, M.D.
Jason Rusk, PA-C
Raymund Dela, PA-C
John Britton, PT
Greg Coleman, PT
Michael P. Foster, PT
Concentra Medical Center
5850 South Polaris Avenue, Suite 100
Las Vegas, Nevada 89118

24. Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Kevin Segoviano
Firooz Mashhood, M.D.
5440 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89146

25. Physicians, Nurses, Technicians, Healthcare Providers and/or
FRCP 30(b)(6)Witness(es) and/or Custodian of Records, Lisa Redden
Stepanida Freeman, M.D.
Sean Stevens, M.D.
Henderson Hospital
1050 Galleria Drive
Henderson, Nevada 89011

26. Dror Kopernik, P.E.
Foresight Reconstruction, Inc.
5901 Lincoln Avenue
Morton Grove, Illinois 60053

27. **Whitney G. Morgan**
Motor Carrier Safety Consulting
2229 First Avenue North
Birmingham, Alabama 35203

28. Stuart S. Kaplan, M.D.

Las Vegas Neurosurgical Institute
3012 South Durango Drive
Las Vegas, Nevada 89117

29.     Saman Hazany, M.D.
2800 Neilson Way, Suite 1704
Santa Monica, California 90405

The parties agree that the witness and exhibit list may be amended as required before trial. The parties reserve the right to use any witnesses listed by any other party to this litigation. The parties further reserve the right to name and list any witnesses deemed necessary for rebuttal and/or impeachment purposes.

## VIII.   TRIAL DATE

Counsel have met and herewith submit a list of (3) agreed-upon trial dates:

May 8, 2023

May 15, 2023

May 23, 2023

It is expressly understood by the undersigned that the Court will set a trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

## <u>ESTIMATED LENGTH OF TRIAL</u>

It is estimated that the trial will take a total of 7-10 days.

THE702FIRM
ATTORNEYS AT LAW
400 S. 7TH ST. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

| THE702FIRM INJURY ATTORNEYS | HALL JAFFE & CLAYTON, LLP. |
|---|---|
| /s/  Zachary W. Livingston<br>_____ 5/17/2022<br>MICHAEL C. KANE. ESQ.<br>Nevada Bar No.: 10096<br>BRADLEY J. MYERS, ESQ.<br>Nevada Bar No.: 8857<br>ZACHARY W. LIVINGSTON, ESQ.<br>Nevada Bar No.: 15954<br>400 S. 7th Street, 4th Floor<br>Las Vegas, Nevada 89101<br>Telephone:     (702) 776-3333<br>Facsimile:      (702) 505-9787<br>*E-Mail:*        *service@the702firm.com*<br>Attorneys for Plaintiff | /s/  Daniel C. Tetreault<br>_____ 5/17/2022<br>STEVEN T. JAFFE, ESQ.<br>Nevada Bar No.:  7035<br>DANIEL C. TETREAULT, ESQ.<br>Nevada Bar No.:  11473<br>7425 Peak Drive<br>Las Vegas, Nevada 89128<br>Telephone:     (702) 316-4111<br>Facsimile:      (702) 316-4114<br>*E-Mail:*        *sjaffe@lawhjc.com*<br>*E-Mail:*        *dtetreault@lawhjc.com*<br>Attorneys for Defendants |

## ACTION BY THE COURT

This case is set for court/jury trial on the fixed/stacked calendar on May 8, 2023 at 9:00 a.m.

The Calendar call will be held on May 3, 2023 at 1:30 p.m..

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED:  May 23, 2022          .

_____
UNITED STATES DISTRICT JUDGE